.L. C. CONGER, Respondent, v. W. S. CROUCH ET AL.,
Appellants.

### Kansas City Court of Appeals, February 15, 1886.

‹CONTRACT FOR SALE OF CROP—ADVANCES FURNISHED—CASE ADJUDGED.
    One Smyser was the tenant of plaintiff, and, as such, sowed the
    farm so rented in flax seed. He contracted on March 22, 1880, with
    Barney Taylor & Company, that in consideration of furnishing
    the seed, that he would deliver to them, at Carrollton, all
    the seed grown from that furnished to him, for which they were
    to pay him fifteen cents per bushel less than the St. Louis
    prices when delivered, but in no case less than eighty cents per
    bushel. Plaintiff signed this contract with Smyser. On the
    day of the contract, plaintiff purchased Smyser's interest in the crop.
    Afterwards, defendants became owners of Barney, Taylor & Com-
    pany's interest in the crop, and plaintiff delivered to them the entire
    crop as called for in the contract, and sues for a balance due of
    $196.06. Defendants set up advances made to Smyser, without
    notice of sale to plaintiff, and that Smyser was otherwise indebted to
    them in the amount of $75.60, and that after deducting the advances
    and this debt, there remains a balance of $14.62, against which
    they assert a counter-claim arising out of Smyser's failure to com-
    ply with his contract. *Held*, that plaintiff,'s signing of the contract
    for sale of the crop was to manifest his consent to it as landlord.
    ·That he was not the owner of the crop, nor was in possession of it,
    .at the date of the contract of sale, nor was he to be the owner when
    it should mature. That in any event defendants should be allowed
    their advancement to Smyser, as well as every other defence which
    existed in their favor at *the time of their being notified* of the sale
    to plaintiff.

APPEAL from Carroll Circuit Court, HON. JAMES
.M. DAVIS, Judge.

*Reversed and remanded.*

Statement of case by the court.

One Smyzer was the tenant of plaintiff, and, as such, sowed the farm in flax seed. He contracted, March 22, 1882, with Barney, Taylor & Company; that in consideration of theie furnishing the seed, for which he executed his note to them for $37.50, he agreed to deliver to them at South Carrollton, all the seed grown from that furnished to him, for which they were to pay him fifteen cents per bushel less than the St. Louis prices, when delivered, but in no case less than eighty cents per bushel. Plaintiff signed this contract with Smyzer.

The petition states in substance that plaintiff and Smyzer conjointly contracted with Barney, Taylor & Company to sell them the flax seed which Smyzer should raise on plaintiff's farm as, his tenant, and that on the twenty-second day of March, 1882, he purchased Smyzer's interest in the crop. That after the date of the contract, and before the delivery of the deed, defendants became owners of Barney, Taylor & Company's interest in said contract, and that he delivered to these defendant's the entire crop as called for in the contract; that defendants paid for all said seed, except $186\frac{23}{100}$ bushels, of the value of $196.06. The answer, besides a general denial, set up advances made to Smyzer on said contract, without notice of a sale to plaintiff; that said Smyzer delivered the seed in payment of said advances and also his two notes to them, amounting to $75.60; that after deducting the advances and notes, there remained due defendants, from Smyzer, $14.62, against which amount defendants assert a counter-claim arising out of Smyzer's failure to comply with his contract with them in regard to the seed he also grew that season on the farm of, and as the tenant of, one Munson.

The evidence of plaintiff was, that Smyzer owed him for back indebtedness in addition to the rent of the farm for the year 1882, in which the seed was grown, and that

he consented to sowing the flax on the condition that the whole crop should be his; that he had no knowledge of the advances made to Smyzer by the defendants; that the seed was sown, raised, and threshed by Smyzer, and that about the time it was threshed, he bought it of Smyzer with the other crop on the place. Also, bought the seed he raised on the Munson farm. The consideration for these purchases was Smyzer's back indebtedness.

Defendants' evidence tended to sustain their answer as to advancements and the counter-claim. It further showed they had no notice that plaintiff claimed to have made the purchase from Smyzer, till after the seed was delivered.

There was a trial before the court without a jury, and judgment was rendered for plaintiff. Defendants appeal.

HALE & SONS, for the appellants.

I. Conger's alleged cause of action is based on the contract of March, 1882, and the delivery of the flax seed in pursuance of it. The advances were made on the faith of it, without any notice of the sale to Conger; and when the flax, then growing, was in the possession of Smyzer, and that the consideration for the alleged sale was an old indebtedness to Conger from Smyzer.

II. Admitting Conger's statement as to the purchase to be correct, he could not cut out the advances made to Smyzer on the faith of the contract, either without notice of the purchase, if made in March, 1882, or if made after the advances. Rev. Stat., sect. 3868; Rev. Stat., sect. 654. The evidence shows that nothing was said to defendants about the alleged sale to Conger until after the seed had been delivered to defendants under the contract. *Black v. Chase*, 15 Mo. 243; *Munday v. Clements*, 58 Mo. 571.

III. The court erred in refusing the third, fourth, and seventh instructions asked by the defendants. They

were justified under the sections of the statute cited above, and by the evidence.

IV.  Conger had the right to buy out the interest of Smyzer in the contract, but it was his duty to notify defendants at once of the change and prevent any further dealings between them.  And if he purchased after the advances, and knowing all about the contract which he and Munson had signed, then he only purchased the remaining interest of Smyzer in the proceeds of the seed to be delivered.

J. L. MIRICK and T. J. WHITEMAN, for the respondent.

I.  Conger was under no obligation to give notice to defendants of his dealings with his tenant, provided he secures to them the delivery of the crop according to contract.  If he is bound by the advances to Smyzer, it is because there is something in his relations to the contract which gives him warning.

II.  Sections 664 and 3868, of the Revised Statutes, will not avail defendants.  There was no assignment. There was a purchase, but the consent of Conger to the sowing of the seed, and his contract with Smyzer must have preceded his signature to the sub-joined contracts with Barney, Taylor & Company.

III.  The fact of the consideration of Conger's purchase being a prior indebtedness does not change the state of the case.  He had no warning or knowledge of Smyzer's indebtedness to defendants, until the time when the seed was delivered.  He was not a party to the Munson contract, if cognizant of it.  The Munson seed was not in issue.

IV.  The refusal of defendants' instructions, complained of, was proper.  One of them assumed a fact not proved, and another was unintelligible.  On the whole case, there is no good reason to disturb the judgment.

Ellison, J.—From the evidence in this cause, I am led to the conclusion that plaintiff only signed the contract in conjunction with Smyzer, in order to evidence his consent as landlord to the sale or contracting of the crop of flax which was to be raised on his farm. That he did not consider he owned the crop or that he was in possession of it from March 22, 1882, the date of the contract, is clearly indicated in his testimony in which he says, "about the time these seed were threshed, I bought them of Smyzer, and also bought the balance of his crops at the same time ; the consideration was, in part, the old indebtedness of Smyzer to me ; as I have stated, I paid him no money at the time. I also bought of Smyzer the seed grown by him on the farm of Munson." The contract itself is not consistent with the theory that plaintiff was owner of the crop, or that it was contemplated he was to be the owner when it should mature. In whichever way the matter is viewed, defendants should be allowed their advancement to Smyzer, as well as every other defence which existed in their favor at the time of their being notified of the transfer or sale from Smyzer to plaintiff. Rev. Stat., sect. 3868.

The judgment is reversed and the cause is remanded. All concur.